10083.

WHITTLE *ET AL.* v. MILLER LIGHTNING ROD CO. *ET AL.*

(96 S. E. 907.)

Action—Contract or Tort—Complaint.—In action against defendant lightning rod company for negligent construction of lightning rods on plaintiffs' dwelling and barn, complaint *held* to state a cause of action in tort, although it set up a contract showing what defendants had undertaken to do.

Before Rice, J., Saluda, Fall term, 1917. Reversed.

Action by L. A. Whittle and another against the Miller Lightning Rod Company and another. Demurrer sustained to complaint, and plaintiffs appeal.

*Messrs. E. W. Able, B. B. Hare* and *Jeff D. Griffith,* for appellants, submit: *That the complaint states a cause of action ex delicto, and is not subject to demurrer, because the contract between the parties was set out therein:* Vol. IV, 915, No. 1; 167 Ind. 491; Ency. of Pleading and Practice, Vol. I, pp. 657-660; 79 S. E. 41; 12 Ga. App. 830; 67 S. E. 272; 7 Ga. App. 572; 22 S. C. A. A., pp. 693-394; 66 S. C. 124; 54 S. C. 96.

*Messrs. C. J. Ramage* and *B. W. Crouch,* for D. P. Etheridge, respondent, and *Mr. Barrett Jones,* for Miller Lightning Rod Co., respondent, submit: *That if any one ground in the demurrer is good, the order of the presiding Judge must be sustained:* 48 S. C. 258; 52 S. C. 25; 54 S. C. 314; 58 S. C. 70; 55 S. C. 1; 31 Cyc. 291; 346 L. 346, note 84. *Where the parties have entered into a valid legal agreement covering the terms and relations and embodying a contract, they are bound by it, and cannot go outside of same to import terms, conditions and obligations that are not contained in said contract:* 39· S. C. 60; 227 U. S. 468; 226 U. S. 492; Paige on Contracts, sections 1189-1230. *Damage by lightning without any combustion is clearly not within the terms of a policy of insurance providing against losses by fire:* 4 Am. Dec. 193. *So a policy of insurance against "fire by lightning" cannot cover damages caused by lightning without ignition or combustion:* 4 N. Y. 326; 6 Barb. 637; 54 Wis. 433. *The proposals and conditions attached to a policy form part of the contract, the same as if written in the body of it:* 22 Am. Dec. 559. *The policy of insurance covers only the articles specified therein:* 7 Am. Rep. 638; 17 Am. Rep. 72; 22 Am. Dec. 147; 11 Am. Rep. 307. *A contract by one, who has erected lightning rods, that the rods would protect the building for a certain term of years, which undertakes to make good all such immediate damages as might occur during that term, not exceeding a certain amount, was a contract of guaranty, and not one of insurance:* 7 N. W. 383; 47 L. R. A. (N. S.), p. 300 (note). *Where parties have reduced their contract to writing, the Court can only look to the terms in which the parties have expressed their intention in such writing:* 1 Greenleaf on Ev., sec. 275; 46 S. C. 411-412; 83 S. C. 204-206; 59 S. C. 581; 46 S. C. 220.

September 3, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action against a lightning rod company for the negligent construction of a circuit system of improved lightning rods in the plaintiff's dwelling and barn building, so that thereby the plaintiff's mule was killed while standing in the plaintiff's stable, and the plaintiff's wife was shocked while sitting in the plaintiff's dwelling house.   The defendant demurred and specified eleven grounds therefor.

The Court sustained the plea and dismissed the complaint because: "The action as brought and the complaint herein are barred, and that the terms of the contract or guaranty will not allow the plaintiff to bring the action herein in the form set out in the complaint, and that the contract and guaranty herein present an insuperable barrier to the said complaint."

There are four exceptions to the order; but the pith of the order was only that "the contract or guaranty will not allow * * * the action * * * in the form set out in the complaint," and the exceptions only challenge that holding.

The Court did not consider the other numerous grounds of the demurrer, nor can we; the exceptions make no such questions.

The third paragraph of the complaint alleges that the defendant undertook to erect for the plaintiff a complete circuit system of their improved lightning rods.   The fifth paragraph alleges that the construction was negligent in two named particulars, to wit: (1) In resting the rods on the comb or roof of the buildings, and (2) in not extending the ground rods far enough in the ground to make good earth connections.   The sixth paragraph alleges that lightning struck the rods, and by reason of the defects alleged it was not carried off into the ground, but did the damage alleged in the subsequent paragraphs.

These allegations, of course, state a cause of action; and the demurrer admits them to be true.   The "contract" to which the Circuit Court refers, signed by the defendant alone, merely certifies that a complete circuit system of

improved lightning rods had already been erected, and it then warrants the effectiveness of such a system. The complaint alleges that a complete system was not erected.

The order is reversed, and the defendant may answer within 20 days after the filing of this opinion.